IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| TRACY EVANS and THOMAS HARDEGREE, | ) ) ) | |
| PLAINTIFF, | ) ) ) | CIVIL ACTION NUMBER: |
| v | ) ) | |
| KIA MOTORS MANUFACTURING GEoRGIA, INC. | ) ) ) | PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY. |
| DEFENDANT. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a suit to recover damages for violationS of the Americans with Disabilities Act, as amended ("ADA") and the Genetic Information Nondiscrimination Act ("GINA").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331.

3. Venue is proper under 28 U.S.C. § 1391, as the Plaintiffs were employed by

the Defendant in Troup County, Georgia.

## PARTIES

4.    Plaintiff Tracy Evans was more than 19 years old at the time of the events in
      question, and is currently a resident of the State of Alabama.

5.    Plaintiff Thomas Hardegree was more than 19 years old at the time of the
      events in question, and is currently a resident of the State of Alabama.

6.    Defendant Kia Motors Manufacturing Georgia, Inc. ("Kia") is a Delaware
      corporation with its principal address in West Point, Georgia.

7.    Kia is an employer for purposes of the ADA.

8.    Kia is an employer for purposes of GINA.

## ADMINISTRATIVE REMEDIES

9.    On March 24, 2010, Tracy Evans filed a Charge of Discrimination with the
      United States Equal Employment Opportunity Commission ("EEOC").

10.   On March 30, 2010, Thomas Hardegree filed a Charge of Discrimination
      with the United States Equal Employment Opportunity Commission
      ("EEOC").

11.   On September 24, 2015, the EEOC issued a Dismissal and Notice of Rights
      for charge 420-2010-01473.

12.   The EEOC issued an undated Dismissal and Notice of Rights for charge
      420-2010-01534.

13.   Plaintiffs filed this action within 90 days of September 24, 2015.

14.   All administrative prerequisites to bringing this action have been met.


                              FACTUAL ALLEGATIONS

      *Tracy Evans*

15.   Mr. Evans applied for employment with Kia on or about January 8, 2008.

16.   Mr. Evans applied to be a Production Team Member (PTM).

17.   On July 18, 2008, Kia sent Mr. Evans a letter to attend pre-employment
      training.

18.   In September 2008, Kia sought a medical history and physical exam of the
      Plaintiff.

19.   As part of the September physical exam, blood and urine were collected
      from Mr. Evans.

20.   In September 2008, Mr. Evans was questioned about whether he had a

relative with hearing loss.

21.     Mr. Evans provided truthful answers.

22.     In September 2008, Mr. Evans was asked to provide medical records for the five prior years reflecting any treatment.

23.     Mr. Evans provided those records.

24.     Mr. Evans worked as an Operator/Moving Line.

25.     Mr. Evans suffers from a condition which qualifies for protection under the Americans with Disabilities Act.

26.     On or abut December 11, 2009, Mr. Evans expressed to Kia he was feeling pain due to his diabetes.

27.     Mr. Evans asked about the possibility of transferring.

28.     On or about December 16, 2009, Kia's Medical Services physician saw Mr. Evans.

29.     The Medical Services Physician referred Mr. Evans to his personal physician.

30.     On December 16, 2009, Kia suspended Mr. Evans.

31.     Kia terminated Mr. Evans January 8, 2010.

32.     Kia alleged it terminated Mr. Evans for falsifying information during the

physical testing process.

33.   On January 11, 2010, Mr. Evans wrote Kia expressing a concern his rights under GINA and the ADA had been violated and requesting that his termination be reconsidered.

34.   On January 22, 2010, Randy Jackson, Director of Human Resources, wrote Mr. Evans.  Mr. Jackson declined to change the termination decision for Mr. Evans.

*Thomas Hardegree*

35.   Mr. Hardegree applied for employment with Kia on January 9, 2008.

36.   After Mr. Hardegree applied for employment, Kia sent Mr. Hardegree a pre-hire packet.

37.   Information in the pre-hire packet directed that a person would not be permitted to proceed further in the hiring process if all paperwork was not turned in.

38.   On September 24, 2008, Kia requested Mr. Hardegree complete a medical history questionnaire and submit to a physical examination.

39.   Kia requested he provide a five year medical history.

40.   Mr. Hardegree contacted Mary Otts with Kia and informed her he did not have enough time to personally get his medical records for the past five years and asked if he should reschedule the physical exam required by Kia.

41.   Ms. Potts told Mr. Hardegree to proceed with the physical exam and provide her the records later.

42.   Mr. Hardegree asked his medical provider to fax those records to Kia.

43.   In September 2008, Mr. Hardegree completed a medical questionnaire for Kia and submitted to a physical exam.

44.   As part of the September physical exam, blood and urine were collected from Mr. Hardegree.

45.   On April 23, 2009, Kia's Human Resource Manager Boby Tyler sent Mr. Hardegree a letter communicating he had completed the hiring process and should report to orientation and training on May 11, 2009.

46.   Kia hired Mr. Hardegree on May 11, 2009

47.   Because the pre-hire packet informed Mr. Haredegree that a person would not proceed in the hiring process if all required paperwork was not turned in, he believed Kia had received all necessary paperwork required from him.

48.   Mr. Hardegree's supervisor was David Wilbanks.

49.   Mr. Hardegree worked for Kia in Metal Repair.

50.   On December 5, 2009, while raising the hood of a car, Mr. Hardegree began
      experiencing pain in his left shoulder.

51.   Mr. Hardegree was unable to move his left arm by December 7.

52.   Mr. Hardegree received treatment from Kia's workers' compensation
      doctor, Nick A. Vlachos..

53.   Mr. Hardegree shared with Dr. Vlachos that in 2007 he had surgery for a
      labral tear following an on the job injury at a prior employer.

54.   Dr. Vlachos restricted Mr. Hardegree to one-handed work for ten days
      pending an MRI.

55.   Kia suspended Mr. Hardegree December 23, 2009.

56.   Kia terminated Mr. Hardegree on or about January 11, 2010.

57.   Milton Ross and Paul Grimes from Kia told Mr. Hardegree he was
      terminated due to him not providing essential medical information during
      his pre-employment medical screening process and for providing
      inconsistent answers during his pre-employment medical screen and
      medical investigation interview.

## COUNT I
## AMERICANS WITH DISABILITIES ACT, AS AMENDED

58.   Plaintiffs adopt and incorporate by reference paragraphs 1-58.

59.   Defendant engaged in improper medical inquiries in violation of the

Americans with Disabilities Act with respect to the Plaintiffs.

60.   Defendant perceived and/or regarded Plaintiffs as disabled.

61.   Defendants terminated Plaintiffs because of their perceived/regarded

disabilities and/or because of its impermissible medical inquiry.

62.   Defendant's termination of Plaintiffs violated the Americans with

Disabilities Act, as amended.

63.   Defendant's actions injured Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request entry of a

judgment against Defendant awarding:

    (a)   backpay to be determined by the trier of fact;

    (b)   compensatory damages  to be determined by the trier of fact;

    (c)   punitive damages  to be determined by the trier of fact;

    (d)   injunctive relief including, but not limited to, backpay, reinstatement

        and/or reasonable frontpay;

    (e)   pre-judgment interest; and

(f)    costs, including a reasonable attorney's fee.

## COUNT II
## GENETIC INFORMATION NONDISCRIMINATION ACT

64.    Plaintiffs adopt and incorporate by reference paragraphs 1-64.

65.    Defendant violated the Genetic Information Nondiscrimination by requiring

Plaintiffs to submit to pre-employment medical examinations that delved

into areas that would discover genetic information.

66.    Defendant terminated Plaintiffs' employment based on information obtained

in the medical examinations.

67.    Defendant's actions violated GINA.

68.    Defendant's actions injured Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request entry of a

judgment against Defendant awarding:

(a)    backpay to be determined by the trier of fact;

(b)    compensatory damages  to be determined by the trier of fact;

(c)    punitive damages  to be determined by the trier of fact;

(d)    injunctive relief including backpay, resinstatement and/or reasonable

frontpay;

(e)     pre-judgment interest; and

(f)     costs, including a reasonable attorney's fee.

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY.**

Respectfully submitted,

Jason C Odom
JASON C ODOM LLC
110 East 15th Street
Anniston, AL 36201
256-238-6005
Fax: 256-238-0181
Email: jcodom@odomlegal.com

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

KIA MOTORS MANUFACTURING GEORGIA, INC.
c/o CT Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361